AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**FILED**

# UNITED STATES DISTRICT COURT
for the

MAR — 6 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

FRANK HUGHES
*Petitioner*

v.

State of Texas
*Respondent*
(name of warden or authorized person having custody of petitioner)

Case No. SA23CA0287 FB
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name: FRANK James HUGHES
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution: Bexar County Detention Center (ANNEX)
   (b) Address: 200 N. Comal St, San Antonio, TX 78207

   (c) Your identification number: 1024859

3. Are you currently being held on orders by:
   ☐ Federal authorities   ☒ State authorities   ☐ Other - explain:

4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:

   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☒ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: **Court 437 Judicial Court of Bexar County Texas**

   (b) Docket number, case number, or opinion number: **2022-CR-7935**

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: **The reindictment of this case from the original case (2021-CR11675), and the validity of the grand jury proceedings along with the validity of the indictment(s) being used to detain me in Bexar County detention center**

   (d) Date of the decision or action: **2022-CR-7935 August 16 2022, 2021-CR11675 December 2021**

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☒ Yes        ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: **Court 437 and my Lawyer, Charles Mais**

   (2) Date of filing: **August 8th**

   (3) Docket number, case number, or opinion number: **2021-CR11675**

   (4) Result: **Case was dismissed**

   (5) Date of result: **Not sure, I was reindicted on August 16th 2022**

   (6) Issues raised: **Original Indictment didn't follow the Requisites of an Indictment. I also questioned the legality of my detention and the validity of the Grand Jury proceedings.**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes      ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: Court 437 and my Lawyer Charles Mais and a certified letter to Judge Melissa Skinner
       (2) Date of filing: Nov 7th 2022
       (3) Docket number, case number, or opinion number: 2022-CR-7935
       (4) Result: Currently No Response
       (5) Date of result:
       (6) Issues raised: New indictment violates State Law, doesn't follow requisites of an indictment. I didn't have access to due process of law nor receive relief from detention after original indictment and case was dismissed. I also believe my detention is illegal

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes      ☒ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _I have not received a response yet from my second appeal_

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes          ☒ No

   If "Yes," answer the following:

   (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ☐ Yes          ☐ No

   If "Yes," provide:
   (1) Name of court: ___
   (2) Case number: ___
   (3) Date of filing: ___
   (4) Result: ___
   (5) Date of result: ___
   (6) Issues raised: ___

   (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ☐ Yes          ☒ No

   If "Yes," provide:
   (1) Name of court: ___
   (2) Case number: ___
   (3) Date of filing: ___
   (4) Result: ___
   (5) Date of result: ___
   (6) Issues raised: ___

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes  ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes  ☐ No
If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes  ☐ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☒ Yes     ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application: Quash Indictment, Dismissal, opposing Affidavit
(b) Name of the authority, agency, or court: Court 437 Judicial District Court, Bexar County

(c) Date of filing: Sent in November 4th to clerk and November 7th certified to Judge
(d) Docket number, case number, or opinion number: 2021-CR1675 and 2022-CR-7935
(e) Result: No response
(f) Date of result: _____
(g) Issues raised: Both indictment(s) are invalid and don't follow Texas statutes, don't follow pretrial procedures or allow defendant fair opportunity to understand and build a defense. False indictments are instruments used to illegally detain me, both resulting in fruits of illegal detention

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Texas Criminal Procedures Art.21.02 (7), Art 21.03, Art.21.04, Vernon's Ann. Texas C.C.P. Art 27.03, Art 4.05. Vernon's Ann. Texas Const. Art. 1 §10. Due Process Clause of the 14th amendment. Zweig V. State, 74 Cr.R.306, 171 S.W.747 (1914), State v. Huston, 12 T. 245 (1845), Tex. L. Rev. 253 (1930). Both indictments have violated these codes of procedures and Texas law.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Original indictment was vague, without certainty, and contained no element(s) which could be proven beyond a reasonable doubt. Second indictment has arguments by way of recital, and opinion which are so angry and intemperate that it would prevent a fair trial. Also current indictment contains the same repeated factual errors which can't be proven and are of uncertainty. I was not released after original indictment was quashed and new indictment was not in the original 437 District Court

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes   ☐ No

GROUND TWO: Denial of Due Process of Law, 5th Amendment, Vernon's Ann. Texas Const. Art 1, §10, Art. 1, §12, Vernon's Ann. Texas C.C.P. Art. 16.01, Art. 52.02, Hurtado v. People of California, 4 S.Ct. 111, 292, 110 U.S. 516, 28 L.Ed. 232 (1884), Ex parte Turman, 26 T. 708, 84 Am. Dec. 598 (1863), Ex parte Tinsley, 37 Cr.R. 517, 40 S.W. 306 (1897), Ex parte Jones, 38 Cr.R. 482, 43 S.W. 513 (1897), Ex parte Sykes, 46 Cr.R. 51, 79 S.W. 538 (1904)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

I have been deprived of liberty without due process of law. I have not been allowed my guarantee to an examining trial. Deprived of a hearing resulting from fraudulent indictment and haven't had chance to present evidence in my favor or argue the validity of accusations against me. Deprived of an opportunity to receive a speedy trial or be released after state's delay to be ready for trial after 90 days. Certain writs of Habeas have been suspended or denied.

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes   ☐ No

GROUND THREE: I have been denied my right to a speedy Trial, presenting evidence, and as a result, experienced delays. Vernon's Ann. Texas Const. Art 1, §10, Ex parte Turman, 26 T. 708, 84 Am. Dec. 598 (1863). Texas C.C.P. Chapter 32A. Speedy Trial art. 32A.01 and subsection (b), "Texas Speedy Trial Act", Rutherford v. State, 16 Tex. App. 649 (1884), Texas C.C.P. Section 17.151

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

More than at least 90 days have passed and at least 120 days have passed since I have been charged with the crime. I have motioned and asked in open court for a trial, which still hasn't been granted. I believe that the prosecution is delaying in order to keep me in languish. I have been told by my attorney that the State does not want to take my case to trial. I believe that is a violation of my Constitutional rights to force me to plea and deny my rights to a speedy Trial

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes   ☐ No

Page 8 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** No probable cause for arrest resulting from false hearsay evidence in the Affidavit. Vernon's Ann. Texas Const. Art. 1, § 9, Landa v. Obert, 45 T. 539 (1876), McLennan v. State, 109 Cr. R. 83, 3 S.W. 2d 447 (1928), Texas C.C.P. Art 52.04 (a)(2), Texas C.C.P. art. 727a, Physical-Facts Rule (evidence), Fed. R. Evid. 801(c), Fed. R. Evid. 802 Hearsay Rule, Wong Sun V. State, 835 Ct 407

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

There was no probable cause to issue a warrant for my arrest or any physical evidence which would point or prove I committed a crime. Investigator was bias in his questioning and investigation, using direct discrimination to build a case against me. The story is implausible with many inconsistencies which leads to facts set forth in the affidavit that never happened. All this resulting in an illegal arrest and everything after being fruits of same illegal arrest. Also there was never a police report conducted on August 26th because there was no reason for one.

(b) Did you present Ground Four in all appeals that were available to you?
☒ Yes   ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: If I did not present something in the proper manner, it would be because I was unaware of the rights or privileges available to me. So far I have done everything to appeal and be heard by the court and have the proper representation by my lawyer.

**Request for Relief**

15. State exactly what you want the court to do: I have currently been incarcerated since October 14, 2021 without a chance to prove my innocence or mount a defense. I believe I am illegally detained and have not had the opportunity to receive relief since my confinement. I pray that the court grants this motion and issue an order without prejudice to dismiss my case as a form of Due Process of Law.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Monday, November 21st, 2022

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 11/21/2022

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Frank Hughes     Case No's 2021-CR11675
Defendant Pro-Se          2022-CR-7935
vs.
The State of Texas          In the 437th Judicial
                            District Court of
                            Bexar County Texas

## Defendant's Motion To Dismiss Case's

Before..... The Honorable Judge's Decision:

Defendant Frank HUGHES, Respectfully submits His Motion to Dismiss Case's..... Filed pursuant to Vernon's Ann, Texas C.C.P. Articles 1.04, 1.05, 4.05, 19.07, 31.01, 32.01 and 38.03 Combined with "Code Construction Act", 311.021, 311.022, 311.031(a)(2) & (4) 312.002, 312.005 and 312.006 of Texas Gov't Code Ann, with the Enforcement of the Texas Constitution Articles 1, 3; 3(a); 10; 12, 19 and 29

### Defendant Allege's the Following In Support: Standard of Review

The 14th Amendment guarantee of Due Process of Law prohibits a Criminal defendant from being Convicted of an offense and denied his liberty except upon proof sufficient to persuade a rational fact findings of guilt beyond a reasonable doubt. In RE Winship, 397 U.S. 358, 362, 90 S. Ct 1068, 25 L.Ed 2d 368 (1970). Defendant Contend's This Honorable 437th District Court has Jurisdiction of the felony case's under Art. 4.05 C.C.P.

### Grounds For Relief

Defendant Contends the State's Burden to present evidence sufficient to sustain a conviction has been considered an absolute requirement that must be observed without request and cannot be waived or forfeited. Marin V. State, 851 S.W. 2d 275. 279-80 (Texas. Crim. App. 1993).

(1) Defendant Contends that there's insufficient evidence to establish Injury to Child required to support SBI with Intent Cause No 2021-CR 11675, 2022-CR-7935

(2) Defendant has right to attack validity of accusation on ground of Denial of Due Process

(3) Defendant makes a legal objection asserting a violation of defendants Constitutional and Statutory Rights. The sufficiency of an indictment is a question of law. Guzman, 955 S.W 2d A 789. Defendant did not waive trial by indictment and questions the legality of the Grand Jury. See Articles 19.06, 19.07, 20.21, 20.22, and 21.01 C.C.P.

(4) The clock begins to run for purpose of "Speed Trial Analysis" when Defendant has been charged or arrested. Emery V. State, 881 S.W. 2d 702 (Tex. Cr. App. 1994) while prosecutorial delay violates "Speedy Trial Act". Hull v. State, 699 S.W. 2d 220 (Texas. Cr. App. 1985). Also all felonies must be brought to trial within 120 days of the commencement of the criminal action. Trial court may, on motion of defendant, set aside, Quash, or dismiss indictments or information for defect of form or substance. Vernon's Ann. Texas C.C.P. Art. 27.03. Miller V. State, 909 S.W. 2d 58 (Tex. App-Austin 19

(5) Defendant also questions Texas' "Same Conduct" Test or "Same offense" which violates The Double Jeopardy Clause, which states a defendant can't twice be deprived of life, or liberty for the same offense. Also Double Jeopardy Clause protects defendant from Gov't harrassment by preventing them from being put on trial or punished more than once for the same offense

(6) Defendant contends that his writ of Habeas Corpus have been denied or suspended. Vernon's Ann Texas Const. Art. 1 § 12 sec 12 states "The writ of Habeas Corpus is a writ of right and shall never be suspended.

### Prayer For Relief

Wherefore premises considered, Defendant prays his Motion is "Granted" in the fair interest of Justice and issue an order "Without Prejudice" to Dismiss Case's.... 2021-CR11675, 2022-CR-7935 as a form of Due Course of Law.

FRANK HUGHES, Defendant
# 1024859 / October 3rd 2022

Cause NO. 2021-CR11675 And 2022-CR-7935

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| v. | 437 JUDICIAL DISTRICT |
| Frank Hughes | BEXAR COUNTY, TEXAS |

## AFFIDAVIT

August 17th 2022

The evidence against me was gathered by assumption in a Bias manner which resulted in discrimination against me in multiple forms. Actual and oral evidence and statements were deliberately entered in a false and misleading manner which constitutes fruits of illegal arrest (Terry vs. Ohio, 88 S.Ct. 1868 / Knowles vs. Iowa 525 US 999). I have actual Physical Evidence which is inconsistent with the testimony against me (Physical-Facts Rule). Such evidence will build an Exculpatory Defense revealing the conduct and manner taken against me. The Hearsay testimony goes against Hearsay Rule which is generally inadmissable (Fed. R. Evid. 801(C)/802). All resulting in a fraudulent Indictment which is currently being used to confine me in Bexar County Detention Center. (State V. Huston, 12 T. 245 (1845) and (Ex parte Meadows, 133 Cr.R. 292, 109 S.W.2d 1061) Tex L Rev. 253 (1930)(Vernon's Ann. Texas C.C.P. art 727a)

_____
AFFIANT

STATE OF TEXAS    *   *   *   *   *

COUNTY OF BEXAR   *   *   *   *

ON THIS **23** DAY OF **August**, 20**22**, PERSONALLY APPEARED BEFORE ME **Frank Hughes** WHO STATED UNDER OATH THAT THE ABOVE AND FOREGOING INFORMATION CONTAINED IN THE AFFIDAVIT IS TRUE AND CORRECT.

SWORN TO AND SIGNED BEFORE ME ON THIS THE **23** DAY OF **August**, 20**22**.

_____
NOTARY PUBLIC

ALEX PEGUERO
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP 01-31-2026
ID # 13356255-3

FRANK Hughes
1024859
August, 19, 2022

It has come to my attention that I have been illegally detained and confined in Bexar County Detention Center. Certain fraudulent instruments such as false and deliberately misleading information in affidavits derived from clearly discriminatory and Bias opinions from officials were used to issue a warrant without probable cause. This conduct and manner led to an indictment, clearly uncertain and vague, which was another instrument used to further detain me, cause delays, and further violate multiple codes of the Texas Constitution. Such conduct has obstructed the due process of law and multiple writs of Habeas Corpus. To be more clear and direct, an affidavit must contain facts constituting probable cause, and the act or event must be shown therein to have occured prior to the making thereof. (McLennan v. State, 109 Cr. R. 83, 3 S.W. 2d 447 (1928); Odom v. State, 121 Cr. R. 209, 50 S.W. 2d 1103 (1932). Since there is overwhelming proof that the affidavit contained false information, which being used to incriminate and obtain a warrant, the affidavit is fraudulent thus not giving Probable Cause which is defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves." Such conduct violates 1.9 of the Texas Constitution. This leads to the next violation which is the fraudulent indictment used to detain me for 300 plus days without informing me of the nature and cause of the accusation against me, which kept me from properly preparing for my defense. (Zweig v. State, 74 Cr. R. 306, 171 S.W. 747 (1914)). It is required for a valid indictment, information, and the elements of the offense and every fact or circumstance necessary to complete description thereof should be alleged therein. (State v. Huston, 12 T. 245 (1845)). Not only must the indictment be drawn with clarity and certainty, but since an accused must be able to understand the nature and cause of the accusations against him, the penal law creating the offense with which he is charged must be sufficiently definite to be understood, otherwise, it is violation of section Ex parte Meadows, 133 Cr. R. 292, 109 S.W. 2d 1061, also Tex. L. Rev. 253 (1930).

The new and current indictment (August 18 2022) was drafted in a secret and inquisitorial nature, as I was not present when any evidence was introduced against me, and I never had the opportunity then, in the beginning, or now to confront or be confronted, or witness any type of cross examination. (Hill v. State, 54 Cr. R. 646, 114 S.W. 117 (1908), Kemper V. State, 63 Cr. R. 1, 138 S.W. 1025 (1911), Vernon's Ann. C.C.P. art. 580. This conduct also violates my due process of law under the 14th amendment, as I have sent in multiple motions and written letters to the court asking for the opportunity to be heard and the right to be present. (Snyder V. Commonwealth of Massachusetts, 54 S.Ct. 330, 291 U.S. 97, 78 L. Ed. 674, 90 A.L.R. 575 (1934)). Such conduct has kept me from enjoying a fair hearing, which is fundamental of an indictment to inform me fully and certainly of the nature and cause. (Hurtado V. People of California, 4 S.Ct. 111, 292, 110 U.S. 516, 28 L.Ed. 232 (1884)) Such conduct, affidavits, and indictments all constitute fruits of the illegal arrest and therefore must be suppressed. Terry VS. Ohio, 88 S.Ct. 1868 and Knowles VS. Iowa 525 US 999. Also certain writs of Habeas Corpus have been denied or suspended. The writ of Habeas Corpus is a writ of right, and shall never be suspended. The importance of the writ permits a prisoner to secure immediate inquiry into the legality of his detention. If the detention is not for good cause, liberty can be secured. Writs may not be suspended in Texas. Ex parte Meader, 93 Cr. R. 450, 248 S.W. 348 (1923), Ex parte Tinsley, 37 Cr. R. 517, 40 S.W. 306 (1897), Ex parte Jones, 38 Cr. R. 482, 43 S.W. 513 (1897), Ex parte Sykes, 46 Cr. R. 51, 79 S.W. 538 (1904) Also if I may add, its my belief that the original fraudulent indictment was used as a means to delay my due process of law, which resulted in procrastination (Ex parte Turman, 26 T. 708, 84 Am. Dec. 598 (1863)), hindering me from writ of habeas corpus and or a speedy trial (Mandamus), Rutherford V. State, 16 Tex. App. 649 (1884) also Vernon's Ann C.C.P. art. 576.

Next issue is questionable expert's opinion and testimony. The issue lies within the bias manner and discriminatory patterns of those against me who have already dictated my character and therefore their assumption to manner of injury. Such conduct will steer and influence an experts opinion in a manner to satisfy someones assumption. For example, (Rule 702 Tx Rules of Evidence) states that an expert witness qualified by knowledge, skill, experience, training, or education may testify in the form of an opinion if it will help the trier of fact to understand the evidence. However the evidence listed in the affidavit was derived from Forensic Specialists, persuaded by the same bias investigator, which is now either inadmissable, inconsistent, overruled, and false. Rule 703, Tx Rules of Evidence states that if experts in a particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissable for the opinion to be admitted. So if expert advice from Forensic experts has already been found insufficient, therefore inadmissable, what makes any new expert advice or opinion any more credible at this point being used to reindict or further incriminate me. Such conduct also falls under "Discovery Abuse". (Charles Alan Wright, The Law of Federal Courts 81. at 580 (5th ed. 1994). Again such conduct resulting from illegal arrest and detention is insufficient for trial and conviction and constitutes fruits of the illegal arrest. (Wong Sun vs. State, 83 S.Ct 407) and therefore any charges resulting against Defendant must be dismissed, also Vernon's Ann. Texas C.C.P. art 727a declares that all evidence obtained in violation of any law is inadmissable.

Attorney Charles Mais currently has a copy of the fraudulent indictment, which was filed Dec. 20, 2021. Stamped by William Friedrich "Foreman of the Grand Jury", and the indictment states "By Means and Manner Unknown to Grand Jurors". This statement is insufficient, without clarity and certainty and therefore can't be sufficient for trial which is why I never had a Hearing or arraignment.