# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FRANK HUGHES, #1024859,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL NO. SA-23-CV-0287-FB** |
| **BEXAR COUNTY SHERIFF JAVIER** | § | |
| **SALAZAR[1],** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER OF DISMISSAL

Before the Court is Petitioner Frank Hughes's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Section 2241 Petition"). (ECF No. 1). Petitioner has paid the filing fee. (ECF No. 4). Upon consideration, Petitioner's Section 2241 Petition is **DISMISSED WITHOUT PREJUDICE** premised on the failure to exhaust and the *Younger* abstention doctrine.

### BACKGROUND

According to Bexar County Court records, on August 18, 2022, Petitioner was reindicted for the offense of "INJURY TO CHILD-SBI-INTENT/KNO." He is presently incarcerated at the Bexar County Adult Detention Center ("BCADC"), awaiting trial which is set for May 26, 2023. Petitioner has been appointed counsel to represent him in his criminal proceedings.

On November 21, 2022, Petitioner executed a Section 2241 Petition, wherein he alleges that although the original indictment was dismissed, he was reindicted on the same charge without being afforded a hearing or being released from confinement. (ECF No. 1). Petitioner

---

[1] Although Petitioner named the State of Texas as Respondent, the proper respondent to a habeas petition is the person who has custody over the petitioner. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004). Accordingly, the Court has substituted Bexar County Sheriff Javier Salazar as the Respondent.

maintains he has been denied due process as well as a speedy trial. (*Id.* at 7). Finally, Petitioner contends there was no probable cause for his arrest and he is being illegally detained. (*Id.* at 8). As relief, Petitioner requests his criminal case be dismissed. (*Id.*).

APPLICABLE LAW

Pre-trial petitions for writ of habeas corpus are cognizable under Section 2241, "which applies to persons in custody regardless of whether a final judgment has been rendered and regardless of the present status of the case pending against [them]." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.1987); *see also Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 488–89 (1973). To be entitled to relief pursuant to Section 2241, a petitioner must demonstrate he is in custody in violation of the Constitution, laws, or treaties of the United States and that he has exhausted his administrative remedies. *Dickerson*, 816 F.2d at 225.

Further, a petitioner must have exhausted his state court remedies before seeking pre-trial federal habeas relief. *See Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (quoting *Dickerson*, 816 F.2d at 225) ("Although the text of § 2241 imposes no exhaustion requirement on petitioners seeking pre-trial federal habeas relief, courts have grafted an exhaustion requirement onto § 2241, which is 'judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.'"). Thus, even though jurisdiction exists, "federal courts should abstain from exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489–92). However, federal habeas is available to adjudicate the

merits of an affirmative defense to a state criminal charge prior to a judgment of conviction if "special circumstances" exist. *Id.* at 226–27 (citing *Braden*, 410 U.S. at 490).

**DISCUSSION**

Since his arrest and detention, Petitioner has filed several *pro se* motions in his state court proceedings. However, because Petitioner has been represented by counsel throughout these proceedings, he does not have a right to file motions *pro se* and represent himself. *United States v. Lopez*, 313 F. App'x 730, 731 (5th Cir. 2009) (A criminal defendant does not have the right to "hybrid representation.") (citing *United States v. Ogbonna*, 184 F.3d 447, 449 & n. 1 (5th Cir.1999)); *see also Tracy v. State*, 597 S.W.3d 502, 508–09 (Tex. Crim. App. 2020). As a result, the trial court has not ruled on Petitioner's *pro se* motions.

Petitioner also filed a Petition for Writ of Habeas Corpus in state court challenging his continued detention; however, public court records for the Texas Court of Criminal Appeals show Petitioner's instant habeas claims have not been presented to that court. Therefore, his state court remedies are unexhausted. Moreover, Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights or that exceptional circumstances otherwise warrant a departure from the regular judicial procedure. *Dickerson*, 816 F.2d at 226–27 (citing *Braden*, 410 U.S. at 490).

Additionally, to the extent he seeks dismissal of his charges, Petitioner's claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine requires that federal courts

3

decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

Because Petitioner shows no special or exceptional circumstances warranting this Court's interference, his habeas corpus claims are dismissed without prejudice premised on the failure to exhaust and the *Younger* abstention doctrine.

### CERTIFICATE OF APPEALABILITY

Given Petitioner's failure to exhaust his state court remedies, the court concludes he has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DENIES** a certificate of appealability. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (requiring state pre-trial detainee challenging criminal charges pending against him to obtain a certificate of appealability following district court's denial of petition under 28 U.S.C. § 2241).

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Frank Hughes is **DISMISSED WITHOUT PREJUDICE** premised on failure to exhaust and the *Younger* abstention doctrine. (ECF No. 1).

4

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SIGNED** this 10th day of April, 2023.


_____
FRED BIERY
UNITED STATES DISTRICT JUDGE